**Raymond E. DAVIES, Appellant,**

v.

**Dr. Russell O. SETTLE, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Appellee.**

**No. 16980.**

United States Court of Appeals Eighth Circuit.

Feb. 7, 1962.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant challenges the trial court's certificate that his attempt to appeal from the court's order denying his application for a writ of habeas corpus is frivolous and therefore not taken in good faith, and he seeks leave from us so to prosecute his appeal.

His application for a writ of habeas corpus shows that he is presently confined in the Medical Center for Federal Prisoners, Springfield, Missouri, pursuant to a judgment of conviction and sentence of imprisonment imposed upon him by the District Court for the Southern District of Ohio on December 4, 1956; that the conviction and sentence were for the offense under 18 U.S.C.A. § 751 of attempted escape while appellant was under commitment to the custody of the Attorney General, until the attainment of his majority, under the provisions of the

Juvenile Delinquency Act, 18 U.S.C.A. § 5031 et seq; that the sentence for attempted escape was for a term of three years imprisonment, to be commenced to be served upon the expiration of his commitment under the Juvenile Delinquency Act; and that his commitment as a juvenile delinquent expired on April 9, 1961, when he became 21 years of age.

It is appellant's contention that since he was only 16 years old at the time the offense of attempted escape was committed, he had a right to demand that he be proceeded against for such offense as a juvenile delinquent instead of by ordinary prosecution; that he therefore legally was entitled to be released on April 9, 1961 from custody for that offense as well as the one for which he was under commitment as a juvenile delinquent at the time of his attempted escape; and that he thus was entitled to seek relief in habeas corpus instead of by motion in his sentencing court under 28 U.S.C.A. § 2255, to have his sentence vacated.

Under 18 U.S.C.A. § 5032, appellant was required to be proceeded against for his attempted escape as a juvenile delinquent "if he consents to such procedure, unless the Attorney General, in his discretion, has expressly directed otherwise". Appellant makes no allegation that the Attorney General had not in the situation "expressly directed otherwise", but asserts instead that he was not advised by the court or by his appointed counsel of his right to be tried as a juvenile delinquent, and also that he was coerced into pleading guilty to the charge made against him. If the Attorney General had directed that he should be prosecuted for his attempted escape as an ordinary violator, he was, of course, without right to demand that he be proceeded against under the Juvenile Delinquency Act.

The questions which appellant seeks to raise are not matters on which he can bypass the provisions of 28 U.S.C.A. § 2255. The last paragraph of that section expressly provides: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

The appeal will be permitted to be docketed without payment of fee, but will be dismissed as frivolous.

Appeal dismissed.